IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| QR SPEX, INC. | § | CIVIL ACTION NO. 506 CV 124 |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MOTOROLA, INC.; OAKLEY, INC.; | § | |
| OAKLEY SALES CORP.; OAKLEY | § | |
| DIRECT INC.; ZEAL OPTICS, INC.; | § | |
| XONIX ELECTRONIC CO., LTD.; and | § | |
| KYOCERA WIRELESS CORP. | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |

**FIRST AMENDED COMPLAINT
AND APPLICATION FOR PERMANENT INJUNCTION**

Plaintiff QR Spex, Inc. ("QR Spex") brings this action against Defendants Oakley, Inc. ("Oakley"), Oakley Sales Corp. ("Oakley Sales"), Oakley Direct Inc., ("Oakley Direct") (collectively, "Oakley Defendants"), Motorola, Inc. ("Motorola"), Zeal Optics, Inc. ("Zeal"), Xonix Electronic Co., Ltd. ("Xonix"), and Kyocera Wireless, Corp. ("Kyocera") and alleges:

**PARTIES**

1.      Plaintiff QR Spex, Inc. is an Oklahoma corporation having its principal place of business in Tulsa, Oklahoma.

2.      Defendant Motorola, Inc. is a Delaware corporation having its principal place of business in Schaumburg, Illinois.  Motorola is authorized to do business in Texas and is conducting business in the Eastern District of Texas.  Motorola may be served through its registered agent for service of process, CT Corp. System, at 350 North St. Paul Street, Dallas, Texas 75201.  Motorola has generally appeared in this action.

3.      Defendant Oakley, Inc. is a Washington corporation having its principal place of business in Foothill Ranch, California.  Oakley is conducting and engaging in business in the Eastern District of Texas.  Oakley does not maintain a designated agent for service of process in this State.  Oakley may be served by serving its registered agent for service of process William Weigand, at 401 2nd Avenue South, Ste. 600, Seattle, Washington 98104.  Oakley has specially appeared in this action through its counsel of record.

4.      Defendant Oakley Sales Corp. is a Washington corporation having its principal place of business in Foothill Ranch, California.  Oakley Sales is a wholly owned subsidiary of Oakley that handles domestic sales of Oakley-branded product to third-party retailers and operates Oakley's retail stores.  Oakley Sales may be served through its registered agent for service of process, CT Corp. System, at 350 North St. Paul Street, Dallas, Texas 75201.

5.      Defendant Oakley Direct Inc. is a Washington corporation having its principal place of business in Foothill Ranch, California.  Oakley Direct is a wholly-owned subsidiary of Oakley that handles domestic sales of Oakley branded product to consumers, including telephone sales and sales made over the Internet on www.oakley.com. Oakley Direct does not maintain a designated agent for service of process in this State.  Oakley Direct may be served by serving its registered agent for service of process William Weigand, at 401 2nd Avenue South, Ste. 600, Seattle, Washington 98104.

6.      Defendant Zeal Optics, Inc. is a Delaware corporation having its principal place of business in Moab, Utah.  Zeal is conducting and engaging in business in the Eastern District of Texas.  Zeal does not maintain a designated agent for service of process in this State.  Zeal may be served by serving its registered agent for service of process, National Corporate Research, Ltd., at 50 West 3900 South, Ste. 2B, Salt Lake City, Utah  84107.

7.      Upon information and belief, Defendant Xonix Electronic Co., Ltd. is a foreign company having its principal places of business in China.  Xonix is conducting business throughout the United States and engaging in business in the Eastern District of Texas.  Pursuant to Federal Rule of Civil Procedure 4(h), Xonix may be served by delivering a copy of the summons and complaint to Xonix's corporate officer and Vice President of Marketing, William K. Akata, at 174 Treetop Circle, Nanuet, New York 10954-1044.

8.      Defendant Kyocera Wireless Corp. is a Delaware corporation having its principal place of business in San Diego, California.  Kyocera is authorized to do business in Texas and is conducting and engaging in business in the Eastern District of Texas.  Kyocera may be served through its registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 701 Brazos Street, Ste. 1050, Austin, Texas 78701.

## JURISDICTION

9.      This action arises under the patent laws of the United States, Title 35 United States Code.  Jurisdiction is proper under 28 U.S.C. § 1338.

10.      Defendants Motorola, the Oakley Defendants, Zeal, and Kyocera all do business in this State and District and have sufficient contacts to subject them to the personal jurisdiction of this Court for this patent infringement action.  Upon information and belief, Defendant Xonix is also conducting business in this State and District and has sufficient contacts to subject it to the personal jurisdiction of this Court for this patent infringement suit.  Defendants Motorola, Oakley, Oakley Direct, Zeal, Xonix, and Kyocera are also doing business in this State and District over the internet at www.motorola.com, www.oakley.com, www.zealoptics.com, www.surprisinggift.com (selling Xonix products), and www.kyocera-wireless.com, respectively.  Upon information and belief, Defendants have used or are using, have sold or are selling, or have

3

offered to sell or are offering to sell their products, including the allegedly infringing products, directly to consumers in this District and/or have placed their products in the stream of commerce knowing that such products will be used, sold, or offered to be sold by their partners, distributors, intermediaries, or subsidiaries to consumers in this District. Specifically, Defendant Oakley has intentionally established multiple distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

## VENUE

11.     With respect to Defendants Motorola, the Oakley Defendants, Zeal, and Kyocera, venue is proper in this Court under 28 U.S.C. § 1400(b) because these Defendants all reside in this District within the meaning of 28 U.S.C. § 1391(c). With respect to Defendant Xonix, venue is proper in this Court under 28 U.S.C. § 1391(d), as Xonix is an alien corporation that may be sued in any district.

## FACTUAL ALLEGATIONS

12.     This is an action for infringement of United States Patent No. 6,769,767 ("the '767 Patent"), entitled "Eyewear With Exchangeable Temples Housing a Transceiver Forming Ad Hoc Networks With Other Devices."

13.     On August 3, 2004, the '767 Patent was duly and legally issued by the United States Patent and Trademark Office to its inventors, Gregory Swab, James E. Malackowski, Mikal Greaves, Rolf Milesi, Christiaan Ligtenberg, and Thomas Meier. All of the aforementioned inventors have assigned the '767 Patent, together with all rights to sue for infringement, to Plaintiff QR Spex, Inc. QR Spex, Inc. is the lawful owner of the '767 Patent. A true and correct copy of the '767 Patent is attached as Exhibit "A."

14.     Defendants Motorola, the Oakley Defendants, Zeal, Xonix, and Kyocera have been for some time past and are presently infringing the '767 Patent within this District and elsewhere in this country by making, selling, offering for sale, and using Bluetooth-enabled eyewear embodying the patented invention and will continue to do so unless enjoined by this Court.

15.     Defendants Motorola, the Oakley Defendants, and Xonix are actually aware of Plaintiff QR Spex's '767 Patent through either direct or indirect business dealings with Plaintiff but nonetheless have infringed and are infringing Plaintiff's '767 Patent.  These Defendants' infringement of the '767 Patent is willful and deliberate.  Plaintiff is not aware of the state of knowledge of Defendants Zeal and Kyocera, though each is a substantial and sophisticated company undoubtedly aware of its duty to avoid infringing the patents of others.

16.     As a result of Defendants infringement of the '767 Patent, Plaintiff is suffering and an irreparable injury in that it is being deprived of its property rights in unique property.  The remedies available at law, such as monetary damages, are not fully adequate to compensate for that injury.  Considering the balance of hardships between Plaintiff and the Defendants, a remedy in equity is warranted.  The public interest would not be disserved by a permanent injunction.

**CAUSES OF ACTION**

**A.     Patent Infringement Under 35 U.S.C. § 271(a)**

17.     Defendants Motorola, the Oakley Defendants, Zeal, Xonix, and Kyocera have made, used, offered for sale, and/or sold in this country, or have imported into this country, eyewear infringing one or more of the claims of the '767 Patent, in violation of 35 U.S.C. § 271(a).

5

**B.    Actively Inducing Patent Infringement Under 35 U.S.C. § 271(b)**

18.    Defendants Motorola, the Oakley Defendants, Zeal, Xonix, and Kyocera have, in this country, actively induced others to use, offer for sale, and/or sell eyewear infringing one or more claims of the '767 Patent, in violation of 35 U.S.C. § 271(b).

## PRAYER

19.    Plaintiff respectfully requests the following relief:

a.    that the Court enter a permanent injunction against Motorola, the Oakley Defendants, Zeal, Xonix, and Kyocera, and all others in active concert with them, prohibiting them from (i) directly infringing the '767 Patent, and/or (ii) inducing infringement of the '767 Patent by others;

b.    that the Court award damages to QR Spex against each of Motorola, the Oakley Defendants, Zeal, Xonix, and Kyocera;

c.    that the Court treble the damages against those Defendants found to have willfully infringed the patent pursuant to 35 U.S.C. § 284;

d.    that the Court award interest on such damages;

e.    that the Court award QR Spex costs and attorney's fees incurred in this action pursuant to 35 U.S.C. § 285;  and

f.    that the Court award such other relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

20.    QR Spex hereby demands a trial by jury as to all issues triable by a jury.

Respectfully submitted,


*/s/ Robert W. Schroeder III*_____
Robert W. Schroeder III
T.B.A. No. 24029190
**PATTON, TIDWELL & SCHROEDER, LLP**
4605 Texas Blvd., P. O. Box 5398
Texarkana, Texas  75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
tschroeder@texarkanalaw.com


OF COUNSEL:

Phillip T. Bruns
T.B.A. No. 03258500
**GIBBS & BRUNS, L.L.P.**
1100 Louisiana, Suite 5300
Houston, Texas    77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
pbruns@gibbs-bruns.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF

Mark A. Giugliano
T.B.A. No. 24012702
**GIBBS & BRUNS, L.L.P.**
1100 Louisiana, Suite 5300
Houston, Texas    77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
mgiuliano@gibbs-bruns.com

John E. Dowdell
jed@nwcdlaw.com
William W. O'Connor
wwo@nwcdlaw.com
**NORMAN WOHLGEMUTH
   CHANDLER & DOWDELL**
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK   74103-4023
Tel: (918)583-7571
Fax: (918)584-7846

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this pleading was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rules CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by regular mail on this the 27th day of July 2006.


<em>/s/ Robert W. Schroeder III_____</em>